1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TOMAS D.,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C19-5852 RSM

**ORDER REVERSING AND
REMANDING FOR FURTHER
ADMINISTRATIVE
PROCEEDINGS**

      Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits.  Plaintiff contends the ALJ erred by rejecting five medical sources' opinions, his own testimony, and a lay witness statement, and requests remand for an award of benefits.  Dkt. 9.  The Commissioner concedes error but contends the matter should be remanded for further administrative proceedings.  Dkt. 12.  As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

      Plaintiff is 59 years old, has a high school education, and has worked as a registered nurse.  Dkt. 7, Admin. Record (AR) 802.  Plaintiff applied for benefits in 2015, alleging disability as of December 31, 2009.  AR 785.  Plaintiff's applications were denied initially, on

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 1

reconsideration, and by an ALJ decision in 2016.  AR 785.  On appeal to this court, based on the

parties' stipulation, the matter was remanded for further administrative proceedings to consider

reopening a prior claim and to reevaluate medical opinion evidence and a lay witness statement.

AR 890-92.  On remand, after conducting a hearing in May 2019, the ALJ issued a decision in

July 2019 finding Plaintiff not disabled.  AR 815-50, 785-803.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:**  Plaintiff has not engaged in substantial gainful activity since the 2009 alleged onset date.

**Step two:**  Plaintiff has the following severe impairments: major depressive disorder, generalized anxiety disorder, and personality disorder.

**Step three:**  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:**  Plaintiff can perform work at all exertional levels, performing routine, predictable tasks following short, simple instructions and making simple decisions.  He cannot work in a fast-paced, production type environment.  He can tolerate few workplace changes.  He can have occasional interaction with coworkers and none with the public.

**Step four:**  Plaintiff cannot perform past relevant work.

**Step five:**  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, he is not disabled.

AR 788-803.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if

the ALJ's decision is based on legal error or not supported by substantial evidence in the record

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.
ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 2

as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).  The Commissioner

concedes the ALJ's decision must be reversed.

**A.    Medical Opinions**

Kimberly Wheeler, Ph.D., examined Plaintiff in 2010, opining marked limitation in

responding appropriately and tolerating pressures of a normal work setting.  AR 554-60.  Dr.

Wheeler examined Plaintiff again in 2015, opining he had marked limitations in several basic

work activities such as adapting to changes, asking simple questions or requesting assistance,

and completing a normal workday and workweek.  AR 506-07.

Michael L. Brown, Ph.D., examined Plaintiff in 2012, opining that due to "the severity of

his current mood and anxiety symptoms, he would not likely be able to work competitively at

this time."  AR 566.  Plaintiff was able to "socialize minimally."  AR 567.

Keith J. Krueger, Ph.D., examined Plaintiff in 2013 and opined he was markedly limited

in maintaining punctual attendance, communicating and performing effectively, completing a

normal workday and workweek, and maintaining appropriate behavior.  AR 511-12.

Siobhan Budwey, Ph.D., examined Plaintiff in 2017 and opined Plaintiff had "severe"

limitations in, defined as complete "inability" to perform in competitive employment,

maintaining appropriate behavior and completing a normal workday and workweek.  AR 1256.

In 2016 Plaintiff's treating therapist, Paul Gray, opined Plaintiff had marked limitations

in most work-related areas, including maintaining concentration, maintaining punctual

attendance, working around others without distracting them or being distracted by them, and

completing a normal workday and workweek.  AR 779-80.

An ALJ may only reject the contradicted opinion of a treating or examining doctor by

giving "specific and legitimate" reasons.  *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

An ALJ may reject the opinion of a non-acceptable medical source, such as a therapist in this case, by giving reasons germane to the opinion. *Ghanim v. Colvin,* 763 F.3d 1154, 1161 (9th Cir. 2014). Plaintiff contends the ALJ erred by discounting the five opinions above. The Commissioner concedes error, proposing that on remand the ALJ be directed to "further evaluate the medical source opinions of record." Dkt. 12 at 2. The Court accordingly concludes the ALJ erred by discounting these five medical sources' opinions.

**B.     Plaintiff's Testimony**

Plaintiff testified his impairments make interacting with people difficult and would prevent him from consistently showing up to work. *See* AR 161, 195, 834, 363 ("I get frustrated, angry, overwhelmed until I just can't take it & I quit, don't show up"). The ALJ could only discount Plaintiff's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo*, 871 F.3d at 678.

Plaintiff contends the ALJ erred by discounting his testimony without a clear and convincing reason. The Commissioner does not defend the ALJ's reasoning. The ALJ discounted Plaintiff's testimony based on treatment notes showing improvement, but Plaintiff remained "[d]epressed" and evidence of a "stable" condition does not show his symptoms improved to a level where he could work or otherwise contradict his testimony. AR 797; *see*, *e.g.*, AR 638-40. The ALJ found Plaintiff's testimony inconsistent with two treatment notes "negative for depression," but these office visits were to treat ear pain and abdominal pain. AR 1688, 1796. Moreover, dozens of other treatment notes show providers consistently observed Plaintiff as depressed. Such cherry-picking does not give the ALJ's finding the support of substantial evidence. The ALJ also discounted Plaintiff's testimony based on lack of treatment, yet cites voluminous mental health treatment records. *See* AR 797. Finally, the ALJ found

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 4

1   Plaintiff's testimony inconsistent with his activities but failed to explain how activities such as

2   preparing meals or exercising contradicted testimony of difficulty getting along with others and

3   maintaining attendance at a job.  AR 797.  The ALJ cited taking public transportation, but failed

4   to address the altercations Plaintiff frequently gets into on the bus.  *See, e.g.*, AR 835, 1353,

5   1406.

6           The Court concludes the ALJ erred by discounting Plaintiff's testimony.

7   **C.      Lay Witness Statement**

8           Plaintiff's brother filled out a Function Report describing Plaintiff's difficulty getting

9   along with people and pattern of "quit[ting] or run[ning] away."  AR 441.  An ALJ may discount

10  lay witness testimony by giving a germane reason.  *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th

11  Cir. 2017).  Plaintiff contends the ALJ erred by discounting his brother's statements as

12  inconsistent with the medical evidence.  The Commissioner offers no defense of the ALJ's

13  decision.  The ALJ found Plaintiff was able to live with others but failed to acknowledge the

14  high levels of conflict with his housemates.  AR 802; *see, e.g.*, AR 663, 1331 (Plaintiff "verbally

15  aggressive towards other house mate").  The ALJ found Plaintiff was friendly and polite with

16  providers, but providers, unlike coworkers or supervisors, interact with Plaintiff solely to help

17  him.  AR 802.  The ALJ's findings were unsupported by substantial evidence and thus were

18  inadequate to reject the lay witness statement.  The Court concludes the ALJ erred by

19  discounting Plaintiff's brother's statement.

20  **D.      Scope of Remand**

21          Plaintiff requests remand for benefits or, in the alternative, for further administrative

22  proceedings.  Remand for an award of benefits "is a rare and prophylactic exception to the well-

23  established ordinary remand rule."  *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017).  The

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 5

1    Ninth Circuit has established a three-step framework for deciding whether a case may be

2    remanded for an award of benefits.  *Id.* at 1045.  First, the Court must determine whether the ALJ

3    has failed to provide legally sufficient reasons for rejecting evidence.  *Id.* (citing *Garrison v.*

4    *Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).  Second, the Court must determine "whether the

5    record has been fully developed, whether there are outstanding issues that must be resolved

6    before a determination of disability can be made, and whether further administrative proceedings

7    would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014)

8    (internal citations and quotation marks omitted).  If the first two steps are satisfied, the Court

9    must determine whether, "if the improperly discredited evidence were credited as true, the ALJ

10   would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020.  "Even

11   if [the Court] reach[es] the third step and credits [the improperly discredited evidence] as true, it

12   is within the court's discretion either to make a direct award of benefits or to remand for further

13   proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

14         Neither party has addressed the crucial second step.  Plaintiff argues that because the first

15   step is satisfied, the Court should jump to the third step, "credit[ing] as true" the challenged

16   medical opinions and other testimony.  Dkt. 9 at 18.  "This is an erroneous reading of [Ninth

17   Circuit] case law, which requires [the Court] to assess whether there are outstanding issues

18   requiring resolution *before* considering whether to hold that the [improperly discredited

19   evidence] is credible as a matter of law." *Treichler*, 775 F.3d at 1105.  The Commissioner also

20   fails to address whether there are outstanding issues requiring resolution, instead citing the ALJ's

21   2016 decision, which was vacated.  *See* Dkt. 12 at 4-5 (citing AR 30, 38, 37); AR 905.

22         The Court concludes conflicts in the record remain.  For example, the ALJ accepted the

23   opinions of State agency nonexamining doctors Renee Eisenhauer, Ph.D., and Diane Fligstein,

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 6

Ph.D., whose opined moderate limitation in completing a normal workday and workweek conflict with Dr. Budwey's opined inability to complete a normal workday and workweek.  AR 216, 242, 1256.  It is the ALJ, not this Court, who must resolve such conflicts.  Plaintiff cites the Ninth Circuit's holding that a nonexamining doctor's opinion "cannot by itself constitute substantial evidence that justifies the rejection of" an examining doctor's opinion.  *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995).  While it is true that nonexamining doctors' conflicting opinions cannot constitute the sole reason to discount examining doctors' opinions, nevertheless they establish a conflict that the ALJ must resolve.  Although the regulations favor examining over nonexamining doctors' opinions "[a]s a general rule," an ALJ is not required to reject nonexamining doctors' opinions on this sole ground, and thus this Court cannot resolve the conflict as a matter of law.  *Lester*, 81 F.3d at 830.  Accordingly, the Court concludes remand for further proceedings is appropriate.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should reconsider Dr. Wheeler's, Dr. Krueger's, Dr. Brown's, Dr. Budwey's, and Mr. Gray's opinions, Plaintiff's testimony, and his brother's lay witness statement; reassess the RFC as necessary; and proceed to step five as appropriate.

DATED this 15th day of April, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 7